IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANET E. BAUER-CROMARTIE | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-1392 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                                  May 21, 2008

      Upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 7)[1], defendant's response and plaintiff's reply thereto (Doc. Nos. 8 & 12), the court makes the following findings and conclusions:

      1.    On November 26, 2002, Janet E. Bauer-Cromartie ("plaintiff") filed for Disabled Widow's Benefits pursuant to sections 202(e) and 223 of Title II of the Social Security Act, alleging an onset date of May 1, 2002. (Tr. 107; 217-19). After an initial denial of benefits, two hearings held on July 7, 2003 and October 30, 2003 before an ALJ, and a decision denying benefits dated January 16, 2004, the Appeals Council vacated the decision and remanded the case to the ALJ. (Tr. 70-102; 103-127; 130-139; 201-203). Following a third hearing on June 14, 2005, the ALJ again entered a decision denying benefits dated June 28, 2005. (Tr. 14-30; 34-69). After the Appeals Council denied review of the case, pursuant to 42 U.S.C. § 405(g), plaintiff filed her complaint in this court on April 6, 2007. (Tr. 6-8).

      2.    In her June 28, 2005 decision, the ALJ concluded, *inter alia*, that: (1) plaintiff had <u>severe impairments</u> consisting of: depressive disorder, anxiety disorder, and dependant personality disorder; and <u>non-severe impairments</u> consisting of: osteoarthritis in areas such as her left shoulder, left hip, and right wrist, hypertriglyceridemia, migraine headaches and intermittent nystagmus; (2) plaintiff's impairments did not meet or equal a listing; (3) plaintiff had the residual functional capacity ("RFC") to perform medium duty work that involves no sustained downward gazing/reading, is low stress in nature, consists of simple, one-two step tasks, and requires only limited contact with public and co-workers; (4) plaintiff could perform jobs available in significant numbers in the national economy such as cleaner, machine tender and floor waxer; and (5) plaintiff was not disabled. (Tr. 18 ¶ 4; 19 ¶¶ 3 & 5; 20 ¶¶ 3-4; 27 ¶ 2;

---

[1] Although erroneously filed as a motion for summary judgment, I will consider plaintiff's submission to be a brief in support of review pursuant to the procedural order entered in this case. (Doc. No. 3).

28 ¶¶ 2-4; 29 Findings 3, 4, 7, and 10; 30 Finding 11). [2]

      3.     The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

      4.     Plaintiff raises several arguments in which she alleges that the determinations by the ALJ were legally insufficient or not supported by substantial evidence. Upon due consideration of all of the arguments and evidence, I am unable to determine whether the decision of the ALJ is legally sufficient and supported by substantial evidence. Thus, a remand is necessary for clarification.

      A.     Plaintiff contends that the ALJ erred by failing to find her nystagmus[3] severe. Plaintiff claims that she is affected by her nystagmus when she gazes downward for more than two to ten seconds. (Tr. 94; 305; 330; 481). Plaintiff also notes that although the ALJ found her nystagmus to be non-severe, the ALJ added a restriction in her RFC of no sustained downward gazing/reading. Compare (Tr. 29 Finding 3, with 29 Finding 7).
      When the Appeals Council remanded this case to the ALJ they found that the record was unclear regarding the nature and severity of plaintiff's nystagmus and noted that the last reference in the record to the impairment was from 1990. (Tr. 201). The Appeals Council then charged the ALJ with obtaining additional evidence regarding the nystagmus, including, if warranted, a consultative examination and medical source statements about what plaintiff could still accomplish despite the impairment. (Tr. 202). In executing this directive, the ALJ collected only two additional pages of notes from plaintiff regarding her nystagmus dated September 12, 2000 and May 31, 2005, neither of which particularly illuminates the severity of her nystagmus or how it limits her activities. (Tr. 737; 760).
      I find that the ALJ has failed to properly follow the Appeals Council's directive to gather sufficient evidence on plaintiff's nystagmus. As a result, although the likelihood that plaintiff's nystagmus meets the *de minimus* standard for severity is high, it is impossible for me to properly evaluate whether this is, in fact, the case. McCrea v. Comm. of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004). Moreover, it may be that the ALJ's RFC restriction of no *sustained* downward gazing/reading is sufficient to accommodate plaintiff's nystagmus, however, under the current record, I am unable to make this determination.
      On remand, if more salient records regarding this impairment are

---

[2] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

[3] Nystagmus is the involuntary rhythmic ocular oscillation of the eyes.

not available, pursuant to 20 C.F.R. § 404.1512(f), the ALJ shall order a consultative exam and take any other appropriate measures needed to properly evaluate plaintiff's claim including consultation with a medical expert and questioning of plaintiff at a hearing, if necessary.

      B. The ALJ also concluded that plaintiff, who was 59 years old at the time of the ALJ's decision (now 62 years old), had non-severe "osteoarthritis in areas such as her left shoulder, left hip, and right wrist" (Tr. 19 ¶ 5; 27 ¶ 5; 29 Finding 3; see also Tr. 377; 384-93; 733-34; 762; 767). Plaintiff contends that, in light of her advanced age and osteoarthritis, the ALJ's finding that plaintiff could perform medium level work (e.g. lifting up to fifty pounds occasionally and twenty-five pounds frequently) was not supported by substantial evidence. (Tr. 27 ¶ 2); see 20 C.F.R. ¶ 404.1545(a)(2) (providing that in assessing RFC, the ALJ will consider non-severe impairments). Plaintiff further asserts that the ALJ failed to cite to any evidence to support this RFC finding and that there was no medical opinion in the record concluding that plaintiff could perform medium duty work (no state agency physical RFC assessment was performed in this case).

      On remand, the ALJ shall clearly set forth the evidence supporting her physical RFC determination and, if necessary, obtain a physical RFC statement from a medical professional.

      C. Finally, the ALJ shall re-evaluate plaintiff's claims of mental impairments in light of any newly available evidence.

    5. Because I am unable to determine whether the ALJ's findings regarding plaintiff's nystagmus were legally sufficient and supported by substantial evidence, this case must be remanded to the Commissioner.

    An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANET E. BAUER-CROMARTIE | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-1392 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**ORDER**

AND NOW, this 21st day of May, 2008, upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 7), defendant's response and plaintiff's reply thereto (Doc. Nos. 8 & 12), and having found after careful and independent consideration of the record that the Commissioner's determination may not have been supported by substantial evidence or the correct legal standards, it is concluded that the action must be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g).  Therefore, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1. **JUDGMENT IS ENTERED IN FAVOR OF THE PLAINTIFF, REVERSING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** for the purposes of this remand only and the relief sought by Plaintiff is **GRANTED** to the extent that the matter is **REMANDED** for further proceedings consistent with this adjudication; and

2. The Clerk of Court is hereby directed to mark this case closed.

 S/ Lowell A. Reed, Jr.
LOWELL A. REED, JR., Sr. J.