IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANET E. BAUER-CROMARTIE | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-1392 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, JR., Sr. J.                                              December 4, 2008

      Presently before this court is the motion for attorney's fees filed by plaintiff's counsel. (Doc. No. 16). For the reasons that follow, the motion will be granted.

**I.    Facts and Procedural History**

      On November 26, 2002, Janet E. Bauer-Cromartie ("plaintiff") filed for Disabled Widow's Benefits pursuant to sections 202(e) and 223 of Title II of the Social Security Act. After an initial denial of benefits, two hearings before an ALJ, and a decision denying benefits, the Appeals Council vacated the decision and remanded the case to the ALJ. Following a third hearing on June 14, 2005, the ALJ again entered a decision denying benefits dated June 28, 2005. After the Appeals Council denied review of the case, pursuant to 42 U.S.C. § 405(g), plaintiff filed her complaint in this court on April 6, 2007.

      On May 21, 2008, I issued a memorandum and order remanding the case for further clarification after finding that the ALJ failed to sufficiently follow the Appeals Council's directive to obtain additional evidence regarding plaintiff's nystagmus, including, if warranted, a consultative examination and medical source statements about what plaintiff could still accomplish despite the impairment. (Doc. No. 13). In executing this directive, the ALJ collected only two additional pages of notes from plaintiff regarding her nystagmus, neither of which

particularly illuminated the severity of her nystagmus or how it limited her activities.  (Id.).  I further ordered the ALJ to clearly set forth the evidence supporting her physical RFC determination and re-evaluate plaintiff's claims of mental impairments in light of any newly available evidence.  (Id.).

As a result of being the prevailing party in this case, on August 13, 2008, plaintiff's counsel filed the instant motion for attorney's fees.  In the motion, plaintiff's counsel requested $8,400.18 in fees and costs.  (Doc. No. 16).

## II.     Standard

Under the Equal Access to Justice Act ("EAJA"), the court shall award attorney's fees to a prevailing party "unless the Court finds that the position of the United States was substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A).  When a plaintiff prevails in a suit against the government, the burden is on the government to demonstrate that, although it lost the case, its position was substantially justified both at the agency level and during the federal civil action.  Id., (d)(2)(D); Stokes v. Bowen, 811 F.2d 814, 816 (3d Cir. 1987).  In order to meets its burden, the government must show that its theory had a reasonable basis in law and fact.  Pierce v. Underwood, 487 U.S. 552, 565-66 (1988); Stokes, 811 F.2d at 816.

## III.    Discussion

Defendant attacks plaintiff's counsel's motion on two grounds.  First, defendant claims that his position was substantially justified.  In the alternative, defendant claims that the number of compensable hours reported by counsel was unreasonable and should be reduced.

I conclude herewith that defendant's position was not substantially justified.  The Appeals Council found that the evidence was unclear regarding the nature and severity of

plaintiff's nystagmus and concluded that it was necessary for the ALJ to further develop the evidence regarding this impairment, especially since the last record dealing with this disorder was from 1990. (Tr. 201-02). As noted above, the ALJ did not properly execute this directive and only obtained two additional relevant pages, neither of which substantially aided in determining how plaintiff's nystagmus impacted her ability to work. As a result, the Commissioner and the court were in no better position to probe the severity of plaintiff's nystagmus than we were before the Appeals Council initially remanded the case to the ALJ. Essentially, I remanded the case so that, *inter alia*, the ALJ could properly assess plaintiff's nystagmus as originally directed by the Appeals Council. It was clear to this court, as it should have been to defendant and the ALJ, that having failed to properly follow the Appeals Council's directive to bolster her conclusions with more evidence, the ALJ failed to show that her decision was supported by substantial evidence, thus, making it impossible for this court to properly review her decision. The Commissioner's actions in this case lacked a reasonable basis in law and fact. His positions in failing to seek a voluntary remand and those taken before this court opposing a remand were not substantially justified. Pierce, 487 U.S. at 565-66.

      Attorney's fees and costs must be reasonable under the EAJA. 28 U.S.C. § 2412(b), (d)(2)(A). Defendant seeks to reduce counsel's compensable time by 9.5 hours (from 47.66 hours to 38.16 hours), claiming that counsel's hours are unreasonable. Plaintiff's counsel has agreed to reduce his time by .5 hours, thus, I will only discuss the remaining 9 disputed hours. Initially, plaintiff's attorney has the burden of proving that his request for attorney's fees is reasonable and must submit evidence supporting the hours worked and rates claimed. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). Defendant then has the burden to challenge,

with sufficient specificity, the reasonableness of the requested fee. Id. "Once the adverse party raises objections to the fee request, the district court has a great deal of discretion to adjust the fee award in light of those objections." Id. I conclude that the fees requested by plaintiff's counsel are reasonable. Defendant essentially contends that, because plaintiff's counsel is a "preeminent Social Security disability attorney", he should have been able to perform his research and draft his documents more quickly and efficiently. In his reply brief, plaintiff's counsel explains his use of the contested time and attaches supporting documentation. I have reviewed, *inter alia*, counsel's time records, the research and work logs attached to the reply brief, and his lengthy and comprehensive briefs initially filed in the merits portion of this case. These materials show that plaintiff's counsel conducted a thorough review of the administrative record and his briefing was competent and required by the issues before this court. I conclude that defendant has failed to sufficiently challenge the reasonableness of plaintiff's counsel's fee. Defendant's objections are broad challenges without persuasive argument.

**IV.   Conclusion**

The Commissioner's positions in this case were not substantially justified and he has failed to show with the requisite specificity that plaintiff's counsel's fees were unreasonable. As a result, plaintiff's counsel's motion will be granted and he will be awarded attorney's fees and costs in the amount of $8,312.18.[1]

An appropriate order follows.

---

[1] Defendant does not challenge the hourly rate charged by plaintiff's counsel nor does he contend that either the work or tasks cited in support of this matter were not in fact accomplished by plaintiff's counsel.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANET E. BAUER-CROMARTIE | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-1392 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**<u>ORDER</u>**

AND NOW, this 4th day of December, 2008, upon consideration of the motion for award of attorney's fees filed by the plaintiff (Doc. No. 16) and the response in opposition and reply thereto (Doc. Nos. 19 & 22), the court finds the following:

(1)     Defendant has failed to meet his burden of establishing that the position of the United States was substantially justified and, thus, that fees should not be awarded.  28 U.S.C. § 2412(d)(1)(A).  It is clear to this court that the ALJ failed to properly follow the Appeals Council's directive to gather sufficient evidence on plaintiff's nystagmus.  Defendant's apparent conclusion to the contrary and persistence in opposing a remand to the ALJ did not have a reasonable basis in law and fact.  <u>Pierce v. Underwood</u>, 487 U.S. 552, 565-66 (1988); and

(2)     Other than for time spent performing certain administrative tasks for which plaintiff's counsel has agreed to reduce his compensable time by .5 hours, defendant has similarly failed to establish with the requisite specificity that the number of compensable hours requested by plaintiff's counsel is unreasonable.  <u>Rode v. Dellarciprete</u>, 892 F.2d 1177, 1183 (3d Cir. 1990).

Therefore, it is hereby **ORDERED** that plaintiff's motion is **GRANTED** and pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, defendant shall pay to Walter Walkenhorst, Esq., as plaintiff's assignee, attorney's fees and costs in the amount of $8,312.18.

_S/ Lowell A. Reed, Jr._____
LOWELL A. REED, JR., Sr. J.